UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL PRODUCTS, INC., | CASE NO. C16-0702JLR |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR EXPEDITED DISCOVERY |
| v. | |
| DOES 1-4, | |
| Defendants. | |

## I.  INTRODUCTION

Before the court is Plaintiff National Products, Inc.'s ("NPI") ex parte motion for expedited discovery. (Mot. (Dkt. # 2).) The court has reviewed the motion, NPI's submissions in support of its motion, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS NPI's motion.

## II.  BACKGROUND

NPI is a Washington corporation based in Seattle that manufactures and sells mounting systems and docking systems for cameras, tablet computers, mobile phones,

ORDER- 1

and other mobile devices.  (Compl. (Dkt. # 1) ¶¶ 2, 10.)  One of NPI's popular products is a mobile phone docking system that mounts a mobile phone to the dashboard of an automobile.  (*Id.* ¶ 10.)  NPI sells its mounting systems and docking systems under the federally registered trademark Ram Mounts®.  (Goggin Decl. (Dkt. # 3) ¶ 2, Ex. 1.)  The U.S. Patent & Trademark Office ("USPTO") registered the Ram Mounts® trademark on November 7, 2006, listing NPI as the owner.  (*Id.*)

NPI alleges that Defendants John Does 1-4 are Amazon sellers that have sold Ram Mounts® products on Amazon.com.  (Compl. ¶¶ 22-31; *see also* Goggin Decl. ¶¶ 5-8, Exs. 4-7.)  NPI further alleges that Defendants have each made false statements on Amazon.com in association with their sales of these products, including:  (a) falsely claiming that Defendants are authorized resellers of Ram Mounts® products when they have no relationship with NPI, and (b) falsely claiming that Ram Mounts® products are imported from China when they are made in the United States.  (Compl. ¶¶ 22-31.)  NPI also alleges that Defendants have removed the serial numbers from the Ram Mounts® products they sell to thwart efforts to identify the products.  (*See* Goggin Decl. ¶¶ 9, 17, Exs. 8, 14.)

NPI alleges that John Does 1-4 have adopted fictitious names for their Amazon Seller accounts that disguise their true identities.  (Compl. ¶¶ 3-6.)  John Doe 1 goes by the name "Decan Tech."  (Goggin Ex. 4.)  John Doe 2 sells on Amazon as "Mounts Unlimited."  (Goggin Ex. 5.)  John Doe 3 uses the name "Shoppers Haven."  (Goggin Ex. 6.) And John Doe 4 identifies itself on Amazon as "Daily Affordable."  (Goggin Ex. 7.)

1 | NPI alleges that John Does 1-4 are not authorized resellers or authorized
2 | distributors of Ram Mounts® products. (*See* Compl. ¶ 28.) On February 9, 2016, in an
3 | effort to stop the infringing sales of John Does 1-4 and learn their true identities, NPI
4 | filed an infringement complaint on Amazon.com. (Goggin Decl. ¶ 10, Ex. 9.) NPI
5 | asked that Amazon.com delist the Ram Mounts® product associated with John Does 1-4
6 | and provide NPI with the true identities of John Does 1-4. (*Id.*) On February 10, 2016,
7 | Amazon.com replied by email that it would not take any action against John Does 1-4.
8 | (Goggin Decl. ¶ 11, Ex. 10.)
9 | In addition to filing the complaint on Amazon.com's website, on February 9,
10 | 2016, NPI's counsel sent a letter to Amazon.com's in-house counsel, Dana Brown
11 | Northcott, explaining the factual and legal basis of NPI's trademark infringement
12 | complaints against John Does 1-4, and again asking that Amazon.com remove the
13 | infringing listings and provide the true identities of John Does 1-4. (Goggin Decl. ¶ 12,
14 | Ex. 11.) In the weeks and months that followed these initial complaints, NPI's counsel
15 | attempted without success, through phone calls and emails, to obtain the true identities of
16 | John Does 1-4 from Amazon.com's counsel. (*Id.* ¶¶ 13, 16 -17, 19; Exs. 12-21.) NPI has
17 | still not obtained the information and Amazon.com's counsel has not responded to NPI's
18 | most recent communications. (*See id.* ¶ 19, Exs. 18-21.)

19 | **III.   ANALYSIS**
20 | **A.  Legal Standard**
21 | The court may authorize early discovery before the Federal Rule of Civil
22 | Procedure 26(f) conference for the parties' and witnesses' convenience and in the

ORDER- 3

interests of justice.  Fed. R. Civ. P. 26(d).  Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for such early discovery.  *See, e.g.*, *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (collecting cases and standards).  When the identities of defendants are not known before a complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  In evaluating whether a plaintiff establishes good cause to learn the identity of John Doe defendants through early discovery, courts examine whether the plaintiff (1) identifies the John Doe defendant with sufficient specificity that the Court can determine that the defendant is a real person who can be sued in federal court, (2) recounts the steps taken to locate and identify the defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process.  *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

      **B.  NPI Has Shown Good Cause to Engage in Early Discovery**

      Here, NPI established good cause to engage in early discovery to identify John Does 1-4.  First, NPI has identified John Does 1-4 with sufficient specificity to determine that these defendants are real persons who can be sued in federal court.  Specifically, NPI has provided evidence to support its claims that John Does 1-4 are sellers on Amazon.com using fictitious names to sell products that infringe upon NPI's trademark.  (Goggin Decl. ¶¶ 5-10, 26, Exs. 4-9, 22.)  Second, NPI has adequately described the steps

it took in an effort to locate and identify John Does 1-4.  Specifically, NPI repeatedly contacted Amazon.com, explaining the legal basis for NPI's claims and requesting that Amazon.com identify John Does 1-4.  (*Id.* ¶¶ 12-25, Exs. 11-21.)  Third, NPI has pleaded the essential elements to state a claim for trademark infringement under 15 U.S.C. § 1114(1)(a) and false designation of origin under 15 U.S.C. § 1125(a). (*See generally* Compl.)  Fourth, the information proposed to be sought through a Federal Rule of Civil Procedure 45 subpoena appears likely to lead to identifying information that will allow NPI to accomplish service of process on John Does 1-4.  Specifically, John Does 1-4 have contractual relationships with Amazon.com and are responsible for making payments to Amazon.com associated with their sales on Amazon.com's website. (Goggin Decl. ¶¶ 5-8, 25, Ex. 4-7, 21.)  In these circumstances, the court concludes that it is likely that Amazon.com knows true names and addresses of John Does 1-4.

Taken together, the court finds that the foregoing factors demonstrate good cause to grant NPI's motion for leave to conduct limited expedited discovery.  *See Semitool, Inc. v. Toyko Electron Am., Inc.*, 208 F.R.D. 273. 276 (N.D. Cal. 2002).  Therefore, the court will permit NPI to issue expedited discovery to Amazon.com limited to documents and/or information that will allow NPI to determine the identities of John Does 1-4 in order to accomplish service of process.

## IV.    CONCLUSION

Based on the foregoing analysis, the court GRANTS NPI's ex parte motion for expedited discovery (Dkt. # 2) and permits NPI to issue Rule 45 subpoenas to

//

ORDER- 5

1 | Amazon.com for the purpose of learning the true identities and locations of John Does

2 | 1-4 so that NPI may accomplish service of process upon these defendants.

3 |         Dated this 23rd day of May, 2016.

*[signature]*

JAMES L. ROBART
United States District Judge

ORDER- 6